ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF YORK ) Case No. _____
)
Alan Devlon Carter d/b/a ACAJ ) **SUMMONS**
Trucking LLC, ) JURY TRIAL DEMANDED
)
Plaintiff, )
)
Protective Insurance Company )
)
Defendant. )

TO THE DEFENDANTS NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint upon the subscriber, at her office at 1196 Great Falls Hwy, Suite D, Lancaster, SC 29720, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the aforesaid time, Plaintiffs will apply to the Court for relief demanded in the Complaint and a judgment by default will be rendered against you.

Respectfully submitted,

RUCKER LAW FIRM

By: _____

Ruby Cooper
1196 Great Falls Hwy, Suite D,
Lancaster, SC 29720
Phone: (803) 715 4878
Fax: (803) 753 7971
ruby@rucker-law.com
**ATTORNEYS FOR PLAINTIFFS**

Lancaster, South Carolina,
August 31, 2025

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | ) | Case No. _____ |
| | ) | |
| Alan Devlon Carter d/b/a ACAJ | ) | **COMPLAINT** |
| Trucking LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Protective Insurance Company | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, by and through the undersigned attorneys, complaining of the Defendants above named, would respectfully allege and show unto this Honorable Court the following:

## PARTIES

1.     At all times relevant to this action, Plaintiff, Alan Devlon Carter (hereinafter "Plaintiff"), is a citizen and resident of the State of South Carolina, and the owner-operator of ACAJ Trucking LLC, performing transportation services as an independent contractor.

2.     Upon information and belief, Defendant, Protective Insurance Company (hereinafter "Protective"), is an insurance company authorized to issue accident insurance coverage in the State of South Carolina, and issued to Plaintiff an Independent Contractor Accident Insurance Policy providing benefits in connection with Claim No. OA-2083.

## JURISDICTION AND VENUE

3.     Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth therein.

4.     That this Honorable Court has jurisdiction of the parties and the subject matter herein set forth pursuant to South Carolina law governing insurance contracts, breach of contract, and bad faith denial of insurance benefits.

## FOR A FIRST CAUSE OF ACTION
## (Breach of Contract for Insurance Benefits)

5.     On or about October 7, 2022, Plaintiff was operating his truck while delivering a load for Container Port Group (hereinafter "CPG "), which is a corporation authorized to do business in South Carolina, with its principal operations including transportation, warehousing and storage; support activities for transportation, warehousing and storage.

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

6.      While so engaged, Plaintiff's truck was struck on the driver's side by another vehicle, causing a violent jolt throughout his body. During the collision, Plaintiff's left hand became trapped in the steering wheel, resulting in acute injuries to his left wrist and hand. The force of the accident also caused trauma to Plaintiff's spine, which progressively worsened as he attempted to perform activities of daily living.

7.      Pursuant to the terms of said policy, Plaintiff was entitled to receive medical expense coverage, disability benefits, and related accident insurance benefits for injuries arising out of the covered accident. Protective initially accepted coverage and paid certain benefits under Claim No. OA-2083, including medical treatment for Plaintiff's hand injury.

8.      On October 10, 2023, Plaintiff consulted an orthopedic specialist and reported worsening back pain and radiating leg symptoms consistent with accident-related injury. During the course of his treatment since then, it was revealed that Plaintiff has suffered injuries and damages in one or more of the following particulars:

a)      Lumbar and spinal injuries including lower back pain, lumbar strain, and recurrent back spasms with episodes of acute flare-ups resulting in collapse, restricted range of motion, and radiating pain into both legs;

b)      Cervical, thoracic, and lumbar spine conditions including tenderness across the cervical, thoracic, and lumbar regions, spinal stenosis, congenital canal narrowing, epidural lipomatosis, disc bulge at L5-S1 with S1 nerve root abutment, and biforaminal stenosis at L4-L5 and L5-S1;

c)      Neurological and musculoskeletal conditions including radiculopathy of the lumbar region, paresthesia, muscle spasms across the thoracic, lumbar, sacral, and pelvic/hip regions, weakness, and radiating pain into the buttocks, hips, and lower extremities;

d)      Extensive medical and therapeutic treatment, including emergency care, ambulance transport, diagnostic imaging (X-rays, MRIs), orthopedic evaluations, chiropractic manipulative therapy, physical therapy, pain management, corticosteroid and anti-inflammatory medications, muscle relaxants, and topical pain patches;

e)      Past and future pain, suffering, mental anguish, emotional distress, and

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

loss of enjoyment of life, including stabbing, burning, aching, and tingling sensations in the lumbar and thoraco-lumbar regions, with pain levels as high as 10/10 interfering with daily and occupational activities;

9.      Despite medical findings including positive straight leg raise testing and MRI evidence, Protective Insurance denied further benefits, relying on a peer review opinion that improperly dismissed Plaintiff's spinal injuries as unrelated and prematurely declared maximum medical improvement (MMI). Plaintiff has suffered due to current and anticipated future medical expenses, including the cost of continued orthopedic care, physical therapy, chiropractic management, pain management, and rehabilitative treatment, all arising directly from the injuries sustained in the subject accident.

### FOR A SECOND CAUSE OF ACTION
### (Bad Faith Denial of Insurance Benefits)

10.     Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth therein.

11.     Under South Carolina law, insurers owe their insureds a duty of good faith and fair dealing in handling claims, including the duty to fairly investigate and timely pay legitimate benefits.

12.     Defendant Protective's conduct in handling Claim No. OA-2083, including but not limited to:

a)      Unreasonably terminating medical and disability benefits while Plaintiff remained under active treatment and continued to experience debilitating symptoms; and

b)      Failing to conduct a full, fair, and timely investigation into the relationship between Plaintiff's back injuries and the October 7, 2022 accident;

c)      Improperly relying on a selective and biased peer review opinion that ignored or minimized objective medical findings;

d)      Lacing its own financial interests above the rights and well-being of Plaintiff by refusing to provide benefits clearly contemplated and owed under the insurance policy.

13.     As a direct and proximate result of Protective's bad faith refusal to pay benefits, Plaintiff has sustained substantial harm, including but not limited to:

      a)     Outstanding and unpaid medical expenses for necessary care and treatment;

      b)     Loss of disability benefits and wages during periods of incapacity;

      c)     Exacerbation and worsening of physical injuries due to delay, denial, and interruption of medical treatment; and

      d)     Severe emotional distress, mental anguish, financial instability, and hardship directly resulting from Protective's wrongful denial of coverage.

14.     Accordingly, Plaintiff is entitled to recover actual and consequential damages for the losses sustained, as well as punitive damages to punish and deter such willful, wanton, and reckless conduct, together with reasonable attorney's fees and costs incurred in bringing this action.

## FOR A THIRD CAUSE OF ACTION
### (Negligence)

15.     Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth therein.

16.     In addition to its contractual and statutory duties, Defendant Protective owed Plaintiff a common-law duty to exercise reasonable care in investigating, evaluating, and administering his claim.

17.     Plaintiff has already alleged in detail (see above) how Defendant prematurely terminated benefits, relied on a selective peer review, and failed to account for clear medical evidence of spinal injury. Each of these acts also constitutes a negligent failure to meet the standard of care expected of an insurer handling claims in South Carolina. By neglecting to conduct a fair and competent claims process, and by interrupting treatment in a way that foreseeably worsened Plaintiff's physical condition, Defendant breached its statutory duty of care.

18.     As a proximate result of this negligent handling, Plaintiff has sustained additional injury, increased medical expenses, lost wages and benefits, and ongoing emotional distress.

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

19.     Accordingly, Plaintiff is entitled to recover actual and consequential damages for the losses sustained, as well as punitive damages to punish and deter such willful, wanton, and reckless conduct, together with reasonable attorney's fees and costs incurred in bringing this action.

## FOR A FOURTH CAUSE OF ACTION
## (Fraudulent Misrepresentation)

20.     Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth therein.

21.     During the adjustment of Claim No. OA-2083, Defendant made affirmative representations to Plaintiff that were false and misleading, including assurances that his spinal symptoms were not covered and that he had reached maximum medical improvement when medical evidence demonstrated otherwise.

22.     These misrepresentations were made knowingly or with reckless disregard for the truth, and with the intent that Plaintiff rely upon them in foregoing continued pursuit of rightful benefits. As a result, was denied benefits, incurred additional medical costs, and suffered physical, financial, and emotional harm.

23.     Accordingly, Plaintiff is entitled to recover actual and consequential damages for the losses sustained, as well as punitive damages to punish and deter such willful, wanton, and reckless conduct, together with reasonable attorney's fees and costs incurred in bringing this action.

## FOR A FIFTH CAUSE OF ACTION
## (Unfair Trade Practices – S.C. Code Ann. § 39-5-10 et seq.)

24.     Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth therein.

25.     Defendant Protective, in its handling of Claim No. OA-2083, engaged in unfair and deceptive acts and practices in the conduct of trade or commerce, in violation of the South Carolina Unfair Trade Practices Act, including but not limited to:

a)     Misrepresenting the scope and availability of coverage under the Independent Contractor Accident Insurance Policy;

b)     Wrongfully denying benefits that were clearly owed under the terms of the policy; and

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478

    c)      Improperly relying on a biased peer review opinion while disregarding objective medical evidence supporting Plaintiff's injuries and need for continued care.

26.     These acts and practices are not isolated events but part of methods and practices that have the capacity to mislead, deceive, and harm other insureds. As such, they affect the public interest by discouraging Plaintiffs from seeking rightful benefits and by enabling insurers to wrongfully avoid contractual obligations.

27.     As a direct result of Defendants' wrongful conduct and denial of benefits, Plaintiff has suffered extensive and ongoing physical, neurological, and emotional injuries, including chronic pain, restricted mobility, and long-term functional limitations. Plaintiff has required urgent and continuing medical care, including orthopedic evaluation, diagnostic imaging (X-rays and MRI), physical therapy, pain management, and other treatment. He remains at risk of permanent impairment. Emotionally, Plaintiff continues to endure psychological symptoms including stress, anxiety, sleep disturbance, and fear of financial instability directly caused by his inability to obtain the medical care and benefits rightfully owed under the policy.

28.     Accordingly, Plaintiff is entitled to recover actual and consequential damages for the losses sustained, as well as punitive damages to punish and deter such willful, wanton, and reckless conduct, together with reasonable attorney's fees and costs incurred in bringing this action.

## CONCLUSION

29.     Plaintiff is entitled to recover actual and consequential damages for the losses sustained, as well as punitive damages to punish and deter such willful, wanton, and reckless conduct, together with reasonable attorney's fees and costs incurred in bringing this action.

30.     Plaintiff asserts his right to judgement against the defendants in a sum sufficient to compensate him actual and consequential damages for the losses sustained, as well as punitive damages to punish and deter such willful, wanton, and reckless conduct, together with reasonable attorney's fees and costs incurred in bringing this action.

31.    Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants for medical expenses, actual and punitive damages, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RUCKER LAW FIRM

By:    _____

Ruby Cooper
1196 Great Falls Hwy, Suite D,
Lancaster, SC 29720
Phone: (803) 715 4878
Fax: (803) 753 7971
ruby@rucker-law.com
**ATTORNEYS FOR PLAINTIFFS**

Lancaster, South Carolina,
August 31, 2025

ELECTRONICALLY FILED - 2025 Sep 05 9:57 AM - YORK - COMMON PLEAS - CASE#2025CP4603478